UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CIV-60155-BLOOM

TAL HILSON,

    Plaintiff,
v.

D'MORE HELP, INC., a Florida corporation d/b/a/
MUNCHIES RASPADOS,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** came before the Court on the Motion to Dismiss, ECF No. [11] (the "Motion") filed by Defendant D'More Help, Inc. a Florida corporation d/b/a Munchies Raspados ("Defendant"), with respect to Plaintiff Tal Hilson's ("Plaintiff") Complaint, ECF No. [1]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case and applicable law. For the reasons set forth below, the Motion is **GRANTED.**

### I.   BACKGROUND

Plaintiff claims that the Defendant violated the American with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") by failing to remove certain architectural barriers from its business premises ("Facility"). As stated by Plaintiff in the Complaint, this is a so-called "tester" case brought by Plaintiff under the ADA "for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations." Compl. ¶ 5.

In summary, "Plaintiff, in Plaintiff's individual capacity and as a 'tester,' visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result

of the illegal barriers to access and the ADA violations set forth herein.  It is the Plaintiff's belief that said violations will not be corrected without court intervention and, thus, the Plaintiff will suffer legal harm and injury in the near future."  *Id*. ¶ 5.

The Complaint alleges that Plaintiff, who suffers from a "qualified disability" within the meaning of the ADA,[1] personally visited Defendant's Facility but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's Facility, even though he would be classified as a "bona fide patron."  *Id*. ¶ 3.  The Complaint lists the following "specific violations:"

> Parking Lot and Accessible Route Violations
>> 1. Curb ramp is in active driveway, 406.5
>> 2. Curb ramp too steep, 406.3
>> 3. Access route crosses driveway and is not marked, 502.3
>> 4. Front walk entrance is only 48" wide. Should be at least 54" for side access; sidewalk tables also block path to door, 404.2.4.1
>
> Men's Room
>> 5. Handicap toilet centerline at 20.5", 604.2

*Id*. ¶ 17.

Plaintiff further alleges that he "will avail himself of the services offered at the Facility in the future, provided that the Defendant modify the Premises or modify its' policies and practices to accommodate individuals who use wheelchairs."  *Id*. ¶ 4.  "Plaintiff would like to return and enjoy the goods and/or services at the Subject Facility on a spontaneous, full and equal basis.  However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities."  *Id*. ¶ 15.

---

[1] Plaintiff has cerebral palsy resulting in an impairment in motor and sensory function of the lower half of his body, and requires use of a wheelchair for mobility.  Compl. 3.

CASE NO. 15-CIV-60155-BLOOM/Valle

Plaintiff seeks declaratory and injunctive relief, as well as reasonable attorneys' fees, relating to Defendant's alleged violations of the ADA.

## II.     LEGAL STANDARD UNDER RULE 12(B)(6)

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the

3

non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.   DISCUSSION

Defendant challenges the Complaint both for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Ultimately, the factual allegations stated in the Complaint are insufficient, and Plaintiff will be granted leave to amend.

#### A.   Plaintiff Has Standing To Challenge Defendant's ADA Compliance

Defendant argues that this Court is without jurisdiction to address Plaintiff's claims

Case 0:15-cv-60155-BB   Document 22   Entered on FLSD Docket 04/16/2015   Page 5 of 11

CASE NO. 15-CIV-60155-BLOOM/Valle

because, since Plaintiff lacks standing to assert those claims, there is no case or controversy capable of adjudication. *See*, *e.g.*, *Mingkid v. U.S. Atty. Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) ("Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'"). In Defendant's view, Plaintiff has not suffered an injury-in-fact, therefore depriving him of standing to sue under the ADA. *See*, *e.g.*, *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) ("Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redressibility."); *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003) ("To have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision."). Defendant's arguments have been considered and rejected by the Eleventh Circuit: Plaintiff's "status as a tester does not deprive him of standing to maintain his civil action for injunctive relief under . . . the ADA's Title III." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013).

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d

5

1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony."). Further, "if an attack on subject matter jurisdiction also implicates an element of the cause of action, then the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quotation omitted).

Defendant avers that it has presented both a facial and factual challenge to Plaintiff's standing. But Defendant has not offered any evidence whatsoever to contradict the allegations in the Complaint or to rebut Plaintiff's affidavit submitted in response to the Motion. *See* ECF No. [16-1] ("Defendant's Affidavit"). Regardless of the scope of the Court's inquiry, Defendant's attempt to undermine Plaintiff's standing to assert his declaratory action fails.

Defendant argues that Plaintiffs allegations – that he "visited" Defendant's business facility, "encountered" and "engaged" the specifically listed "barriers to access" there, and therefore suffered injury – are not sufficiently "concrete and particularized" or "actual or imminent, not conjectural or hypothetical" to constitute an injury-in-fact sufficient to confer standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). However, as the Eleventh Circuit has clearly explained specifically in assessing standing for ADA tester plaintiffs:

> [T]he plain language of [ADA] § 12182(a) confers on Plaintiff [] a legal right to be free from discrimination on the basis of disability with respect to "the full and equal enjoyment of the . . . facilities" of the [Defendant's facility]. The invasion of [Plaintiff's] statutory right in § 12182(a) occurs when he encounters architectural barriers that discriminate against him on the basis of his disability. When he encounters those barriers, Plaintiff [] 'has suffered injury in precisely the form the statute was intended to guard against.'

*Houston*, 733 F.3d at 1332 (citing 42 U.S.C. §§ 12182(a), (b)(2)(A)(iv); quoting cf. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982)). Furthermore, "[n]othing in [the ADA's] statutory language precludes standing for tester plaintiffs; if anything, "no individual" and "any person" [in 42 U.S.C. § 12182(a)] are broad terms that necessarily encompass testers." *Houston*, 733 F.3d at 1332.

The general nature of Plaintiff's engagement with Defendant's facilities and the injury he claims to have suffered both are indistinguishable from those stated by the plaintiff in *Houston*. Those alleged violations of Plaintiff's rights and his consequent injury – regardless of Plaintiff's tester status – are sufficient to confer standing upon Plaintiff to seek declaratory relief regarding Defendant's alleged ADA non-compliance.

**B.     Plaintiff's Factual Allegations Of Past Injury Are Insufficiently Pleaded**

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). In order to state a claim under Title III, a plaintiff must allege: "(1) that [h]e is an individual with a disability; (2) that defendant[s are] a place of public accommodation; and (3) that defendants denied h[im] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of h[is] disability." *Schiavo ex rel Schindler v. Schiavo*, 403 F.3d 1289, 1299 (11th Cir. 2005).

Plaintiff's Complaint, like many of the ADA tester cases brought before courts in this District, recites a barebones, pro forma, narrative of Defendant's alleged Title III non-compliance. The Complaint does specify the technicalities of the alleged non-compliance at Defendant's facility as well as Defendant's liability for those violations. But the factual

allegations in the Complaint, as currently stated, are far too vague and conclusory to support Plaintiff's claims.

Plaintiff may well have "encountered barriers to access" and may have been "denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's facility." Defendant's alleged non-compliance with the ADA's requirements may have "made it dangerous and difficult for [Plaintiff] to access the interior of the facility." Def. Aff. ¶ 5. But those allegations – all legal conclusions couched as facts – are devoid of the type of factual enhancement necessary to state a claim. As explained in a case with almost identical allegations:

> [T]he Complaint does not include any facts from which this Court can infer that Plaintiff could not fully enjoy Defendants' facilities, services, goods, and amenities because of his encounter with any of the barriers listed. For instance, there is no allegation that Plaintiff could not enter the establishment because a handicap-accessible ramp did not exist or was too difficult to maneuver, the doorway was not wide enough to accommodate his wheelchair, or he was unable to open the front/rear door because of the placement of door hardware. Perhaps Plaintiff was able to enter the establishment, but he could not find a place to eat because of the size or height of the bar/serving counter, width of the aisles, or inaccessible seating. This Court is left to guess the manner in which Plaintiff suffered alleged discrimination under the ADA. Without sufficient facts to allege an actual injury, Plaintiff's Complaint fails to survive a motion to dismiss.

*Campbell v. Grady's Bar, Inc.*, 2010 WL 2754328, at *2 (S.D. Fla. July 12, 2010). Replacing the *Campbell* court's speculation as to that plaintiff's access to food service with speculation regarding Plaintiff's access to the restroom at Defendant's facility here, this Court is forced to the same conclusion: the Complaint does not contain sufficient factual allegations regarding Plaintiff's actual encounter with Defendant's facility.

      **C.**     **Plaintiff's Factual Allegations of Future Injury Are Insufficiently Pled**

Plaintiff's "standing to seek the injunction requested depend[s] on whether he [i]s likely to suffer future injury." *Houston*, 733 F.3d at 1334 (quoting *City of Los Angeles v. Lyons*, 461

8

U.S. 95, 105 (1983)). Plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001). "That requires 'a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury.'" *Houston*, 733 F.3d at 1334 (quoting *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001); *Wooden*, 247 F.3d at 1283). "The following factors are frequently considered by courts when analyzing the likelihood that a plaintiff will suffer a future injury on the defendant's property: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222-23 (M.D. Fla. 2012) (quotation omitted).

Here, Plaintiff generally claims that he intends to return to Defendant's business location sometime in the future. However, Plaintiff does not allege any facts showing that he has concrete plans to visit that location in the near future, or plans to return at a particular point in time. Even in his responsive affidavit, Plaintiff only declares that he "intend[s] to avail [himself] of the services offered at the facility in the future" and "intend[s] to visit the Facility and Property within six months, or sooner." Def. Aff. ¶ 6. Nor does Plaintiff allege that he lives within the vicinity of Defendant's facility or that, for example, he regularly visits the area where the facility is located.

Courts addressing similar allegations have found them insufficient to state a claim for injunctive relief. *See*, *e.g.*, *Tampa Bay Americans with Disabilities v. Nancy Markoe Gallery, Inc.*, 2007 WL 2066379, *2 (M.D. Fla. 2007) (finding that the plaintiff failed to demonstrate a real and immediate threat of future injury when she alleged that she had "the present intention to return to the [facility] in the immediate future, at least three or four times during the next twelve months and

thereafter, and probably more often"); *Access for the Disabled, Inc. v. Rosof*, 2005 WL 3556046, *2 (M.D. Fla. 2005) (holding that the plaintiff insufficiently pled the threat of a real future injury even though he alleged that he intended to return to the site "annually" and in the "near future" to verify compliance with ADA, noting that the plaintiff did not reside in the county where the facility was located and did not allege any regular contact with the facility). Plaintiff's "undisputed tester motive behind his plan to return does not defeat standing." *Houston*, 733 F.3d at 1336. And he may well live or travel in close proximity to Defendant's business facility, and intend to return that facility regularly or at specified times in his capacity as a tester. Plaintiff's allegations regarding his intent to return to Defendant's facility, as currently stated, do not state a "real and immediate" threat of future injury – either sufficient to confer standing, or state a claim, for injunctive relief.

## IV.     CONCLUSION

While Plaintiff has standing to sue Defendant to remedy its alleged ADA violations and receive declaratory relief, his Complaint does not contain sufficient factual allegations to support his past or future injuries or confer standing to receive injunctive relief. Of course, "[a] district court, before dismissing a complaint with prejudice because of a mere pleading defect, ordinarily must give a plaintiff one opportunity to amend the complaint and to cure the pleading defect." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (citing *Isbrandtsen Marine Servs., Inc. v. M/V INAGUA Tania*, 93 F.3d 728, 734 (11th Cir. 1996)). Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

   1. Defendant's Motion to Dismiss, ECF No. [11], is **GRANTED**, as set forth herein.
   2. Plaintiff's Complaint, ECF No. [1], is **DISMISSED without prejudice**.
   3. Plaintiff shall file an amended complaint addressing the deficiencies identified

CASE NO. 15-CIV-60155-BLOOM/Valle

herein by no later than **May 1, 2015**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 15th day of April, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record