UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CIV-60155-BLOOM/Valle

TAL HILSON,

    Plaintiff,
v.

D'MORE HELP, INC., a Florida corporation d/b/a/
MUNCHIES RASPADOS,

    Defendant.
    _____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** came before the Court on the Motion to Dismiss, ECF No. [24] (the "Motion") filed by Defendant D'More Help, Inc. a Florida corporation d/b/a Munchies Raspados ("Defendant"), with respect to Plaintiff Tal Hilson's ("Plaintiff") Amended Complaint, ECF No. [23]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case and applicable law. For the reasons set forth below, the Motion is **DENIED.**

### I.   BACKGROUND

Plaintiff claims that the Defendant violated the American with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") by failing to remove certain architectural barriers from its business premises. Plaintiff filed his original complaint on January 26, 2015. ECF No. [1] (the "Complaint"). On February 27, 2015, Defendant filed a motion to dismiss the Complaint. ECF No. [11]. On April 16, 2015, the Court in part granted that motion, and provided Plaintiff leave to amend. ECF No. [22]; *Hilson v. D'More Help, Inc.*, 2015 WL 1737688 (S.D. Fla. Apr. 16, 2015) (the "Order"). Familiarity with the factual background, procedural history and law of the case set forth in that Order is assumed.

CASE NO. 15-CIV-60155-BLOOM/Valle

## II.   DISCUSSION

In the instant Motion, Defendant argues that the Amended Complaint suffers from the same deficiencies as Plaintiff's original Complaint, specifically, that Plaintiff has again failed to allege sufficient facts showing a real and imminent threat of future injury.  Defendant urges dismissal on that basis.  This time around, however, Plaintiff's factual allegations of future injury and claim for injunctive relief are sufficiently stated.

As the Court previously explained,

> Plaintiff's "standing to seek the injunction requested depend[s] on whether he [i]s likely to suffer future injury." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).  Plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001).  "That requires 'a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury.'" *Houston*, 733 F.3d at 1334 (quoting *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001); *Wooden*, 247 F.3d at 1283).  "The following factors are frequently considered by courts when analyzing the likelihood that a plaintiff will suffer a future injury on the defendant's property:  (1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222-23 (M.D. Fla. 2012) (quotation omitted).
>
> Here, Plaintiff generally claims that he intends to return to Defendant's business location sometime in the future.  However, Plaintiff does not allege any facts showing that he has concrete plans to visit that location in the near future, or plans to return at a particular point in time.  Even in his responsive affidavit, Plaintiff only declares that he "intend[s] to avail [himself] of the services offered at the facility in the future" and "intend[s] to visit the Facility and Property within six months, or sooner." ECF No. [16-1] Def. Aff. ¶ 6.  Nor does Plaintiff allege that allege that he lives within the vicinity of Defendant's facility or that, for example, he regularly visits the area where the facility is located.
>
> Courts addressing similar allegations have found them insufficient to state a claim for injunctive relief.  *See*, *e.g.*, *Tampa Bay Americans with Disabilities v. Nancy Markoe Gallery, Inc.*, 2007 WL 2066379, *2 (M.D. Fla. 2007) (finding that the plaintiff failed to demonstrate a real and immediate threat of future injury when she alleged that she had "the present intention to return to the [facility] in the immediate future, at least three or four times during the next twelve months and

> thereafter, and probably more often"); *Access for the Disabled, Inc. v. Rosof*, 2005 WL 3556046, *2 (M.D. Fla. 2005) (holding that the plaintiff insufficiently pled the threat of a real future injury even though he alleged that he intended to return to the site "annually" and in the "near future" to verify compliance with ADA, noting that the plaintiff did not reside in the county where the facility was located and did not allege any regular contact with the facility). Plaintiff's "undisputed tester motive behind his plan to return does not defeat standing." *Houston*, 733 F.3d at 1336. And he may well live or travel in close proximity to Defendant's business facility, and intend to return that facility regularly or at specified times in his capacity as a tester. Plaintiff's allegations regarding his intent to return to Defendant's facility, as currently stated, do not state a "real and immediate" threat of future injury – either sufficient to confer standing, or state a claim, for injunctive relief.

Order at 8-10; 2015 WL 1737688 at *5-6 (citation format supplemented).

> Plaintiff now alleges as follows:
>
> Plaintiff will avail himself of the services offered at [Defendant's] facility in the future provided that the Defendant modify the Premises or modify its' policies and practices to accommodate individuals who use wheelchairs. Specifically, Plaintiff intends to visit the facility and property within six months, or sooner, as soon as the Facility and Property become accessible for individuals like Plaintiff who use wheelchairs to traverse. Plaintiff lives less than 20 miles away from the Defendant's facility and frequently travels to the area wherein Defendant operates the subject facility to conduct various activities, including, but not limited to shopping and dining."

Am. Compl. ¶ 4.

As currently pleaded, Plaintiff's allegations regarding the threat of future injury are neither conclusory nor impermissibly vague. Rather, the Amended Complaint now contains concrete, if not terribly particular, factual allegations as to Plaintiff's intent to return to Defendant's facility in the near future (within the next six months), and a plausible reason for doing so (Plaintiff lives less than twenty miles away from Defendant's facility and frequently travels to that area to shop and dine). Defendant complains that Plaintiff does not describe his "past patronage of Defendant's business or any facts showing how frequently he visits the vicinity where Defendant's restaurant is located," and is "coy about what city he resides in, only

3

stat[ing] that he lives 'less than 20 miles away' from the Defendant's location." ECF No. [29] (Defendant's Reply) at 1, 3. True, but he doesn't need to. To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). Plaintiff does so here. Plaintiff allegedly lives near enough to Defendant's facility to render plausible his narrative that he frequents the area to dine and would, in that context, want and need accommodation of Defendant's restaurant. Plaintiff's factual allegations describe a plausible scenario describing real and immediate – as opposed to a merely conjectural or hypothetical – typical restaurant patronage. Ostensibly, Defendant would agree that its restaurant is worth patronizing once every six months or so by an individual residing within easy driving distance. No further detail need be alleged at this stage of the litigation to permit Plaintiff's claims for injunctive relief to move forward.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, ECF No. [24], is **DENIED**.

2. Defendant shall respond to Plaintiff's Amended Complaint, ECF No. [23], on or before **July 23, 2015**.

3. Defendant's motion to extend discovery deadlines, ECF No. [28], is **GRANTED in part**, and the Court's Scheduling Order, ECF No. [15], is amended, as follows:

Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128**.

**July 23, 2015.**  Deadline for amendment of pleadings and joinder of parties.

**July 25, 2015.**  Initial disclosures and exchanges required by Fed. R. Civ. P. 26(a) and S.D. Fla. L.R. 16.1, unless parties agree to do so earlier.

CASE NO. 15-CIV-60155-BLOOM/Valle

**September 4, 2015.**  All discovery, including expert discovery, is completed.

No other aspect of the Scheduling Order is altered or amended by this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 9th day of July, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record