UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CIV-60155-BLOOM/Valle

TAL HILSON,

    Plaintiff,
v.

D'MORE HELP, INC., a Florida corporation d/b/a/
MUNCHIES RASPADOS,

    Defendant.
_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff Tal Hilson's ("Plaintiff") Motion to Strike Affirmative Defenses, ECF No. [34] (the ("Motion"), asserted by Defendant D'More Help, Inc. d/b/a Munchies Raspados ("Defendant") in its Answer, ECF No. [32]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, and the record in this case. For the reasons discussed below, the Court denies the Motion.

### I.  LEGAL STANDARD

#### A.  Rule 12(f) And Affirmative Defenses

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. FED. R. CIV. P. 12(f); *see also Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation

and citation omitted); *see also BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same).  That said, affirmative defenses will be stricken if they are insufficient as a matter of law.  *See Morrison*, 434 F. Supp. 2d at 1319; *see also* FED. R. CIV. P. 12(f).

Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f).  *See*, *e.g.*, *Sakolsky v. Rubin Memorial Chapel, LLC*, No. 07-80354-CIV, 2007 WL 3197530, *2 (S.D. Fla. Oct. 26, 2007).  However, Rule 12(f) motions to strike are considered drastic, granted sparingly and often disfavored.  *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) ("The striking of affirmative defenses is a 'drastic remedy' generally disfavored by courts." (citation omitted); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Regional Medical Center, Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) "draconian sanction").

    **B.**    **Pleading Standard For Affirmative Defenses: Stating Defenses To Provide Fair Notice**

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts have held that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *See Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011); *see also Moore v. R. Craig Hemphill & Assocs.*, 2014 WL

2

2527162, at *2 (M.D. Fla. May 6, 2014). Others have concluded that that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only provide fair notice of the nature of the defense and the grounds upon which it rests. *See*, *e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Blanc v. Safetouch, Inc.*, 2008 WL 4059786 (M.D. Fla. Aug. 27, 2008); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Ramnarine*, 2013 WL 1788503 at *1.

The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." FED. R. CIV. P. 8(a) and (b). Stated more directly, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See also Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (Rule 8(a) "does not obligate a defendant to set forth detailed and particular facts, but requires only that the defendant give "fair notice" of the defense and "the grounds upon which it rests."); *Moore*, 2014 WL 2527162 at *2 (Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court

in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Similar to Rule 8(b), Rule 8(c) simply requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd*, 2011 WL 2441744 at *8.

This Court concludes that affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*.

### C.  Treatment Of Mislabeled Specific Denials

A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv.,*

4

*Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988). However, "[i]n attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1269 (3d ed. 2004)). Federal courts in Florida and elsewhere have repeatedly held that "[w]hen this occurs, the proper remedy is not strike the claim, but rather to treat it as a specific denial." *Id. See also Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671-72 (S.D. Fla. 2013) (denying plaintiff's motion to strike denials labeled as affirmative defenses and instead treating them as specific denials); *Bartram, LLC v. Landmark Am. Ins. Co.*, 2010 WL 4736830, at *2 (N.D. Fla. Nov. 16, 2010); *Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at *1-2 (M.D. Fla. Aug. 15, 2006) ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader.").

## II. DISCUSSION

By way of background, Plaintiff claims that Defendant violated the American with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") by failing to remove certain architectural barriers from its business premises. Defendant's Answer contains four affirmative defenses:

> First Affirmative Defense, the Plaintiff's claims are moot as the violations alleged in the Amended Complaint have been remedied and are in compliance with the relevant ADA provisions. To the extent that small modifications need to be made, the work has begun or is about to begin, and it will be modified before a trial occurs in this case. Therefore, the Plaintiff's claims are moot as to the repairs

> already done, and will be moot as to all claims by the time the case reaches trial. As a result, the Plaintiff is not entitled to injunctive relief or attorney's fees.
>
> Second Affirmative Defense, the Plaintiff lacks standing to seek injunctive relief for the removal of barriers not actually encountered and of which there was no notice at the time of the filing of the Amended Complaint or the original Complaint.
>
> Third Affirmative Defense, the Plaintiff standing to bring this actions for relief against the Defendant in that the Plaintiff never patronized the Defendant's establishment and hos no definite intention of patronizing the property in the future. The Plaintiff's desire to have access to the Property is not for the purpose of using the property or obtaining access to the goods and services therein, but solely for the purpose of determining compliance with ADA.
>
> Fourth Affirmative Defense, Plaintiff lacks standing to bring this actions against the Defendant for purported discrimination and denial of access to goods, services, facilities or portions of the Property (a) to which Plaintiff did not seek access prior to filing this action; (b) of which Plaintiff had no knowledge prior to commencement of this action, and (c) that are not related to Plaintiff's disabilities.

Ans. ¶¶ 28-31. Plaintiff attacks each for "fail[ure] to state any substantive facts or grounds particular to the present action to support these defenses." Mtn. at 1.

Defendant's first affirmative defenses raises the issue of mootness: if there were architectural barriers in place when Plaintiff filed this action, those barriers have been remediated or removed. Defendant's defense is not merely conclusory and is stated with sufficient clarity to provide Plaintiff fair notice of the defense. No further factual enhancement is necessary at the pleading stage. Both parties will be afforded an opportunity to test each other's allegations and defenses with respect to Defendant's ADA compliance through discovery. *See Smith*, 2012 WL 2377840 at *4 ("To the extent Plaintiff requires greater factual detail for these defenses, Plaintiff may acquire those facts through discovery.").

Defendant's second through fourth affirmative defenses raise the issue of Plaintiff's standing. Those defenses are partially duplicative of one another. Furthermore, this Court, consistent with Eleventh Circuit precedent directly on point, has already rejected Defendant's argument that Plaintiff's tester status is insufficient to confer standing on Plaintiff to assert his

6

claims regarding Defendant's alleged ADA non-compliance. ECF No. [22], *Hilson v. D'More Help, Inc.*, 2015 WL 1737688, at *4 (S.D. Fla. Apr. 16, 2015). And it has rejected Defendant's argument that Plaintiff's allegations regarding the threat of future injury are either conclusory nor impermissibly vague. ECF No. [30], *Hilson v. D'More Help, Inc.*, 2015 WL 4169491, at *2 (S.D. Fla. July 9, 2015). However, as to Plaintiff's individual standing, all four defenses are cognizable and properly stated. "Lack of standing . . . is a jurisdictional defense and thus may be raised at any time in the litigation." *Ramnarine*, 2012 WL 2735340, at *3 (ADA context) (citing *Florida Ass'n of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999) (stating that "every court has an independent duty to review standing as a basis for jurisdiction at any time, for every case it adjudicates").

To the extent Defendant's four affirmative defenses simply deny Plaintiff's allegations made in his Amended Compliant – for example, that "Plaintiff never patronized the Defendant's establishment and hos [sic] no definite intention of patronizing the property in the future" – the proper remedy is for the Court to treat them as specific denials, not to strike them. Further, because these specific denials *qua* affirmative defenses are closely related to the controversy, Plaintiff cannot maintain that he could be prejudiced by being forced to undertake discovery related to them.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion, ECF No. [34], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 10th day of September, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record